IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

_____

STEVEN RAY RITCHIE

                Plaintiff,

    vs.

UNITED STATES OF AMERICA,
SOCIAL SECURITY ADMINISTRATION,
MR. TORALF, LISA CRAWFORD, AND
JANE DOE,

                Defendants.

CAUSE NO. CV 07-1-M-DWM

FINDINGS & RECOMMENDATION
OF UNITED STATES
MAGISTRATE JUDGE

_____

    Plaintiff Steven Ray Ritchie has filed an in forma pauperis complaint in which he apparently seeks to recover disability payments he claims the Social Security Administration has illegally terminated or withheld.

    An in forma pauperis complaint must be dismissed prior to service of process if it is frivolous or malicious, fails to state a claim, or seeks monetary damages from defendants who are immune from suit.  *See* 28 U.S.C. § 1915(e)(2); *Franklin v. Murphy*, 745 F.2d 1221, 1226 (9th Cir. 1984); *Barren v Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

    Ritchie has named the Social Security Administration and two of its employees as defendants, along with the United States of

PAGE 1

America.  He apparently seeks money damages against them for alleged constitutional violations in connection with their handling of his claim for disability benefits.  The United States Supreme Court has held that such claims are not cognizable, however, explaining that the Social Security Act "makes no provision for remedies in money damages against officials responsible for unconstitutional conduct that leads to the wrongful denial of benefits."  *Schweiker v. Chilicky*, 487 U.S. 412, 424 (1988).  *See also*, *Hines v. Irvington Counseling Center*, 933 F.Supp. 382 (D.N.J. 1996) (applying *Schweiker* and holding plaintiff could not sustain a suit for money damages against the Social Security Administration or its employees in their official or individual capacities).

This Court similarly lacks jurisdiction over Ritchie's apparent claim for disability benefits, which arises under the Social Security Act.  In this regard, Ritchie asserts that sometime in 2003, he successfully prosecuted, with the assistance of counsel, a claim for disability benefits and obtained an award of back benefits in the amount of $31,000.  The gravamen of his present complaint is that the individually named defendants have "conspired" not to pay Ritchie back benefits.  Ritchie fails to allege, however, that he has exhausted his administrative remedies with respect to the Commissioner's purported failure to implement a favorable decision, as required before commencing an

action for judicial review in federal court. 42 U.S.C. § 405(g) (providing that a civil action may be commenced within sixty days of a final administrative decision). For example, he does not allege that he requested Appeals Council review of a decision by an Administrative Law Judge, which is required to obtain a final decision by the Commissioner. 20 C.F.R. §§ 404.900-982. Even if Ritchie received a final decision from the Commissioner, there is no indication as to when that decision was issued, and whether he filed his complaint in this Court within sixty-days of that decision. Because Ritchie has not satisfied the requirements of 42 U.S.C. § 405(g), this Court lacks jurisdiction over his claims as pled.

Ritchie's complaint also fails to state a claim under the Social Security Act, which provides that "no monthly benefits shall be paid under this section...to any individual for any month during which such individual is confined in a jail, prison, or other penal institution or correctional facility...." 42 U.S.C. § 402(x)(1)(A)(I). Ritchie is currently serving a term of incarceration on a state felony conviction, and is in custody awaiting trial in federal court on felony charges of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). *See United States v. Steven Ray Ritchie*, Case No. CR-07-07-CCL-1 (United States District Court, District of Montana). Because he is incarcerated, he is not entitled to payment of benefits.

There is some authority for the proposition that a prisoner may seek judicial review of a prior adverse decision by the Commissioner in an attempt to establish that he will be entitled to benefits upon his release from prison.  *Brue v. Heckler*, 709 F.2d 937, 938-39 (5th Cir. 1983).  This Court cannot tell from the face of Ritchie's complaint whether he is seeking review of a prior, final decision by the Commissioner.  Even if Ritchie could demonstrate that he has timely exhausted his administrative remedies, and has properly sought judicial review of a final administrative decision either denying or terminating benefits, it would be within the discretion of the Court to postpone further action pending his release from prison.  *Brue*, 709 F.2d n. 2 (leaving it "to the sound discretion of the trial judge the initial decision whether to proceed with the case or to postpone the trial until [claimant's] release from prison," in part because his "condition might improve or deteriorate between the time of trial and the time of his release from incarceration.").

Based on the foregoing,

**IT IS RECOMMENDED** that Ritchie's complaint be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction and failure to state a claim.

NOW, THEREFORE, IT IS ORDERED that the Clerk shall serve a copy of the Findings and Recommendation of the United States Magistrate upon the Plaintiff.  The Plaintiff is advised that pursuant to 28 U.S.C. § 636, any objections to these findings

must be filed with the Clerk of Court and copies served on opposing counsel within ten (10) days after receipt hereof, or objection is waived.

      DONE and DATED this 14th day of May, 2007

         /s/ Jeremiah C. Lynch
         Jeremiah C. Lynch
         United States Magistrate Judge